THOMAS E. CANNON v. DANIEL MOODY.

November 15, 1899.

'Nos. 11,778—(39).

### Dissolution of Firm—Contract to Pay Debts—Parol Evidence.

Where, upon the dissolution of a co-partnership, a written contract is entered into between the co-partners, in which one agrees to pay the firm liabilities, it is not an infringement, upon the rule that parol evidence is not admissible to vary, alter, or contradict the terms of a written instrument, to show, by parol, that a certain claim or demand was an indebtedness of the firm.

### Charge to Jury—Verbal Inaccuracy.

A verbal inaccuracy in the charge of the court held, if error, to be without prejudice.

Action in the district court for Clay county to recover $717.49 and interest on account of an indebtedness of a partnership formerly existing between plaintiff and defendant, which indebtedness the complaint alleged defendant had assumed. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $663.70; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*C. A. Nyc*, for appellant.

*F. H. Peterson*, for respondent.

COLLINS, J.

Plaintiff and defendant were co-partners in a mercantile business, and commenced negotiations looking towards a dissolution, in which plaintiff made an offer to buy or sell for a stated sum of money, the purchaser to assume and pay all existing firm indebtedness. Defendant agreed to sell to plaintiff on the terms proposed. At that time the firm was indebted in the sum of $700 and interest on a promissory note past due, and payable to one Hill. The latter was urging payment, and plaintiff, supposing he was to continue the business for himself, and under the agreement was to pay all of the firm indebtedness, took up the Hill note by executing and delivering his individual obligation for $600 to Mr. Hill, and by paying the balance in cash, $113.49. Subsequently defendant declined to sell, as he had agreed to do, and a few days afterwards plaintiff sold out his interest in the firm assets to him; the bill of sale from plaintiff to defendant reciting, among other things, and as a partial consideration therefor, that defendant assumed and agreed to pay all of the firm debts and liabilities. He refused to pay the $600 note. Plaintiff was compelled to pay it, and then instituted this action, claiming that the amount of the Hill note was a firm liability, which defendant had assumed and agreed to pay.

Some of the assignments of error go to the admission of evidence as to what was said in respect to this note at the time the sale was consummated and the bill of sale executed and delivered, counsel for defendant insisting that evidence tending to show that defendant then knew that plaintiff had paid a part of the firm note in cash; had substituted his own note for the balance; that he then admitted

the last-mentioned obligation to be a firm liability; that it was well understood to be between the parties; and that the full amount due upon the firm note, when plaintiff took it up, was taken into account when the sale was completed,—was a flagrant violation of that rule which forbids the introduction of parol proof to alter, vary, or contradict the terms of a written instrument, the instrument in question being the bill of sale.

Counsel is in error when contending that the testimony objected to had a tendency to alter or vary or to contradict that part of the bill of sale in which it was stipulated that his client should assume and pay the firm debts. It merely tended to show that plaintiff's note to Hill was a firm debt, that it was so understood by all parties at the time of the final settlement, and that defendant agreed to pay it because it was a firm debt. The testimony objected to served to establish the amount represented by the $600 note as a firm liability, and therefore within the terms of the bill of sale. The subject-matter involved in the writing was the debts of the firm, and this evidence was introduced to identify the claim as of the subject-matter. Its introduction was no infringement of the rule relied upon by counsel (see 1 Greenleaf, Ev. [16th Ed.] § 288, note 4); and, as a matter of law, there being no dispute over the facts, the $600 claim was a firm debt, as between the plaintiff and defendant. It was a part of the firm indebtedness when plaintiff substituted his note for that of the firm. Such substitution made it no less a firm debt as between these parties.

The further point is made that the court erred when charging the jury that the action was brought upon the note given by the firm to Mr. Hill for $700, and that, if plaintiff was entitled to recover at all, the verdict should be for $700, and interest at seven per cent. from the date of the note. It seems that there was a verbal inaccuracy in the charge, for the action was really based upon the $600 note. It was admitted by plaintiff on the trial that the cash payment of $113.49 made by him to Hill had been accounted for and paid by defendant on the final settlement. No claim for reimbursement was made for that sum. And the jury fully understood the plaintiff's claim, on what facts it was based, and the amount claimed. This was established by the verdict, which was for $600,

and interest thereon from the date of the substituted note. If the court made a mistake when stating upon what note the action was brought, it resulted in no injury, and was error without prejudice.

Order affirmed.